CHAPPELL v. DIXON.

No. 30387. Sept. 15, 1942.

Rehearing Denied Nov. 17, 1942.

*130 P. 2d 845.*

M. A. Dennis, of Okmulgee, for plaintiff in error.

Grant Gillespie, of Okmulgee, for defendant in error.

RILEY, J. Plaintiff below, defendant in error, sought and secured a judgment in damages in the amount of $160 against defendant for injury to livestock and fowls resulting from negligence of defendant in permitting salt water and other deleterious substances to escape from four small oil wells and flow onto lands upon which plaintiff held an agricultural lease and upon which the wells of defendant were located. Defendant relied upon contributory negligence.

A witness, Homer Treat, testified he saw plaintiff's cow drink of the salt water and that she died in four or five days, and plaintiff testified that he had called to the attention of defendant the negligent condition, without result. He was employed as pumper by the defendant, but did not have charge of the premises insofar as the oil and gas lease was concerned.

The issue of contributory negligence is, under constitutional provision, art. 23, sec. 6, a question of fact for the jury.

The evidence showed that the salt water flowing from these oil wells was not confined and under control as required by law. Pure Oil Co. v. Gear, 183 Okla. 489, 83 P. 2d 389. Therefore, there was no error in overruling defendant's demurrer to the evidence of plaintiff, nor in refusing to direct an instructed verdict.

Judgment affirmed.

WELCH, C, J., CORN, V. C. J., and OSBORN, BAYLESS, DAVISON, and HURST, JJ., concur. GIBSON and ARNOLD, JJ., absent.